UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DILBAR SRAI,<br><br>            Plaintiff,<br><br>    v.<br><br>COMMISSIONER OF SOCIAL SECURITY,<br><br>            Defendant. | No.  2:15-cv-2434-KJN<br><br>ORDER |

      The administrative transcript in this social security case was filed on April 26, 2016, and served on plaintiff by mail that same day.  (ECF Nos. 12, 13.)

      On May 13, 2016, the court denied plaintiff's request for a hearing without prejudice and, in light of plaintiff's *pro se* status, explained in some detail the scheduling order and briefing procedure related to a social security appeal.  (ECF No. 17.)  The court noted, *inter alia*, that plaintiff must file a motion for summary judgment and/or remand within 45 days of being served with the administrative transcript.  (Id.)  Because plaintiff was served by mail on April 26, 2016, plaintiff's motion for summary judgment was due on June 13, 2016, allowing three additional days for service by mail.  See Fed. R. Civ. P. 6(d).  Although that deadline has now passed, no motion for summary judgment was filed.  Nevertheless, on June 16, 2016, plaintiff filed a statement indicating that he has been unable to obtain counsel, does not understand the scheduling

order, and that he requests a hearing before a judge to explain his case and present his documents. (ECF No. 18.)

As the court previously explained, the court does not ordinarily entertain oral argument in social security appeals, unless the court has specific questions upon review of the parties' written briefs. Even if a hearing were conducted, the court would not be able to answer plaintiff's legal questions or provide plaintiff with any legal advice. Therefore, the court declines to schedule a hearing at this juncture.

The court's May 13, 2016 order already outlines the written briefing procedure in simple, straightforward language, and the court is unable to explain it further without venturing into the improper territory of providing legal advice. To the extent that plaintiff is confused by the term "motion for summary judgment," plaintiff's motion for summary judgment is simply a written brief that outlines all of plaintiff's factual and legal arguments for why he believes that the Commissioner's final decision was incorrect. Plaintiff may also attach additional documents along with his brief, but plaintiff is cautioned that the court may be limited by applicable law in its ability to consider documents outside of the official administrative transcript.

Even though the deadline for filing plaintiff's motion for summary judgment has already passed, the court finds it appropriate to provide plaintiff with an extension of time, especially in light of plaintiff's *pro se* status. However, plaintiff is cautioned that the court does not intend to grant any further extensions of time absent extraordinary circumstances.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's second request for a hearing is DENIED without prejudice.
2. No later than July 15, 2016, plaintiff shall file his motion for summary judgment.
3. The Commissioner shall file its opposition to plaintiff's motion for summary judgment and cross-motion for summary judgment within 30 days of being served with plaintiff's motion for summary judgment. To the extent that plaintiff elects to present additional documents not in the administrative transcript for the court's consideration, the Commissioner's briefing shall specifically address the propriety of considering such documents and their impact, if any, on the case.

4. Plaintiff may, but need not, file a reply brief within 21 days of being served with the Commissioner's opposition and cross-motion for summary judgment.

5. Thereafter, the case will be submitted for decision on the record and written briefing. If the court determines that oral argument is necessary, the parties will be notified.

6. Failure to comply with this modified briefing schedule will result in the imposition of sanctions, including potential dismissal of the action with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated: June 20, 2016

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE