UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DILBAR SRAI, <br><br> Plaintiff, <br><br> v. <br><br> COMMISSIONER OF SOCIAL SECURITY, <br><br> Defendant. | No. 2:15-cv-2434-KJN PS <br><br><br> ORDER |

Plaintiff Dilbar Srai, proceeding without counsel, seeks judicial review of a final decision by the Commissioner of Social Security ("Commissioner"), denying a waiver of recovery of an overpayment of Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. After the administrative record of the proceedings below was filed in this court, plaintiff filed a motion for summary judgment. (ECF No. 20.) The Commissioner opposed that motion and filed a cross-motion for summary judgment. (ECF No. 21.) No optional reply brief was filed. After carefully considering the parties' written briefing, the court's record, and the applicable law, the court DENIES plaintiff's motion for summary judgment, GRANTS the Commissioner's cross-motion for summary judgment, and AFFIRMS the final decision of the Commissioner.[1]

---

[1] The court finds the motions appropriate for resolution without oral argument pursuant to Local Rule 230(g). As such, plaintiff's request for a hearing is denied.

1

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards pursuant to 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it. Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). Substantial evidence is more than a mere scintilla, but less than a preponderance. Connett v. Barnhart, 340 F.3d 871, 873 (9th Cir. 2003) (citation omitted). It means "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Orn v. Astrue, 495 F.3d 625, 630 (9th Cir. 2007), quoting Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005). "The ALJ is responsible for determining credibility…and resolving ambiguities." Edlund v. Massanari, 253 F.3d 1152, 1156 (9th Cir. 2001) (citation omitted). "The court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." Tommasetti v. Astrue, 533 F.3d 1035, 1038 (9th Cir. 2008).

Here, plaintiff first began receiving DIB in October 2002. (AT 12, 23-27.) On October 16, 2012, the Commissioner issued a notice informing plaintiff that he had been overpaid DIB in the amount of $122,631.70 during 3 separate periods: July 2004 through January 2005; May 2005 through December 2005; and August 2007 through October 2011. (AT 12, 190-93.) The overpayment was caused by plaintiff's unreported earnings from work activity during those periods, which exceeded substantial gainful activity levels. (AT 12, 251.) Plaintiff subsequently requested a waiver of the overpayment, and after a January 28, 2014 hearing, an administrative law judge ("ALJ") issued a decision dated March 21, 2014, holding that plaintiff was overpaid DIB in the amount of $122,631.70 during the above-mentioned periods; that plaintiff was at fault in causing the overpayment; and that recovery of the overpayment was not waived. (AT 12-15.) Thereafter, on September 22, 2015, the Appeals Council denied plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner. (AT 5-7.)

On appeal before this court, plaintiff does not dispute that an overpayment was in fact made, nor does he challenge the Commissioner's computation of the amount of that overpayment. Instead, plaintiff contends that the ALJ erred in concluding that recovery of the overpayment should not be waived under applicable law. For the reasons discussed below, that argument is unpersuasive.

1    "In any case in which more than the correct amount of payment has been made, there shall
2    be no adjustment of payments to, or recovery by the United States from, any person *who is*
3    *without fault* if such adjustment or recovery would defeat the purpose of [Title II of the Act] or
4    would be against equity and good conscience." 42 U.S.C. § 404(b)(1) (emphasis added); see also
5    20 C.F.R. § 404.506(a).  Even though the Commissioner "may have been at fault in making the
6    overpayment, that fact does not relieve the overpaid individual…from liability for repayment if
7    such individual is not without fault." 20 C.F.R. § 404.507.  In determining whether an individual
8    is "without fault," the Commissioner "shall specifically take into account any physical, mental,
9    educational, or linguistic limitation such individual may have (including any lack of facility with
10   the English language)." 42 U.S.C. § 404(b)(2); see also 20 C.F.R. § 404.507 (directing the
11   Commissioner to consider "all pertinent circumstances, including the individual's age and
12   intelligence, and any physical, mental, educational, or linguistic limitations").  An overpaid
13   individual may be deemed at fault if he or she:  (a) made an incorrect statement which he or she
14   knew or should have known to be incorrect; (b) failed to furnish information which he or she
15   knew or should have known to be material; or (c) accepted a payment which he or she either
16   knew or could have been expected to know was incorrect.  See 20 C.F.R. § 404.507.  "The
17   overpaid individual bears the burden of proving that he was without fault." McCarthy v. Apfel,
18   221 F.3d 1119, 1126 (9th Cir. 2000).

19         In this case, plaintiff essentially alleges that he is without fault, because his now ex-wife
20   was his representative payee during the relevant periods; it was her responsibility to report
21   changes in plaintiff's work status and earnings to the Commissioner; and she failed to fulfill those
22   reporting requirements.  At the administrative hearing, plaintiff also testified that he basically
23   knew nothing about the checks for DIB payments that his household received from the
24   Commissioner.  (AT 337.)

25         The ALJ found plaintiff's allegations generally not credible, and that finding is supported
26   by substantial evidence.  As the ALJ noted, plaintiff was admittedly aware of the reporting
27   requirements and had actually reported his work status and wages himself in the past.  (AT 14,
28   65-72, 259.)  Furthermore, as the ALJ reasoned, there is no evidence in the record that plaintiff

suffered from any physical, mental, educational, linguistic, or other limitation that would have rendered him unable to comply with reporting requirements during the relevant periods. (AT 14.) Indeed, plaintiff testified that he was working as a truck driver during the relevant periods and was able to fill out manifests and complete paperwork for his loads. (AT 337.)

To the extent that plaintiff contends that he knew nothing about the DIB payments his household was receiving until the Commissioner notified him of the overpayment, the ALJ reasonably found that contention not credible. As the ALJ observed, the overpayment period at issue here spans many years, plaintiff and his ex-wife were living in the same household during those periods, and plaintiff did not allege any misconduct or negligence by his ex-wife until November 2012, around the time that they were going through a divorce. (AT 14, 194-201, 251-52, 259.) Moreover, the ALJ's credibility finding is further bolstered by the fact that, on July 7, 2011, during the third period at issue, plaintiff himself provided a sworn statement in which he claimed that he was earning below the substantial gainful activity level, even though information subsequently obtained from plaintiff's employer(s) refuted that representation. (AT 145-46, 251.) Thus, at worst, plaintiff himself was dishonest, and at best, plaintiff was willfully blind with respect to the DIB payments his household received during the periods at issue.[2]

To be sure, plaintiff's ex-wife may well have her own significant responsibility for the overpayment, an issue as to which the court expresses no opinion here. However, on this record, substantial evidence supports the ALJ's finding that plaintiff himself was not without fault.[3]

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 20) is DENIED.
2. The Commissioner's cross-motion for summary judgment (ECF No. 21) is GRANTED.

---

[2] Plaintiff's motion for summary judgment attaches as exhibits various items of correspondence between plaintiff and the Commissioner. However, that correspondence largely relates to other time periods not under review in this case.

[3] In light of the court's conclusion that plaintiff was not without fault, the court need not, and does not, reach the issues of whether recovery would defeat the purpose of Title II of the Act, or would be against equity and good conscience.

3. The final decision of the Commissioner of Social Security is AFFIRMED, and judgment is entered for the Commissioner.

4. The Clerk of Court shall close this case.

IT IS SO ORDERED.

Dated:  December 13, 2016

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE